IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Adrian Johnson, #299403, | ) | |
| | ) | C/A No. 0:08-3928-RBH-PJG |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Jon Ozmint, Director; and Warden, | ) | |
| Perry Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

The petitioner, Adrian Johnson ("Johnson"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment. (Docket Entry 12.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondents' motion. (Docket Entry 14.) Following two extensions of time, Johnson filed a response in opposition to the respondents' motion, (Docket Entry 24), which is now before the court for a Report and Recommendation.

## BACKGROUND

Johnson was indicted in October 2002 in Orangeburg County for burglary in the first degree (02-GS-38-1853), three counts of kidnapping (02-GS-38-1854, 02-GS-38-1857, & 02-GS-38-1860), criminal sexual conduct in the first degree (02-GS-38-1856), and armed robbery (02-GS-38-1858). (App. at 33-44, Docket Entry 13-1 at 37-48.) Johnson was represented by Clyde C. Dean, Jr., Esquire and on January 28, 2004, pled guilty as charged pursuant to a negotiated plea agreement.

(App. at 10-11, Docket Entry 13-1 at 14-15.)  Johnson was sentenced to forty years' imprisonment for burglary in the first degree and thirty years' imprisonment for each of the other counts, all sentences to be served concurrently.  (App. at 29-31, Docket Entry 13-1 at 33-35.)

Johnson appealed and was represented by Robert M. Pachak, Esquire, Assistant Appellate Defender for the South Carolina Office of Appellate Defense.  On November 30, 2004, Pachak filed an Anders[1] brief and a petition to be relieved as counsel.  (Docket Entry 13-2.)  In his brief, Pachak presented the following issue:

> Whether appellant's guilty plea complied with the mandates set forth in Boykin v. Alabama?

(Id. at 4.)  In a *per curiam* opinion, the South Carolina Court of Appeals dismissed Johnson's appeal. (State v. Johnson, 2005-UP-385 (S.C. Ct. App. June 14, 2005), Docket Entry 13-3.)  Johnson filed a petition for rehearing (Docket Entry 13-4) which was subsequently denied by order dated August 26, 2005.  (Docket Entry 13-5.)  The remittitur was issued on September 30, 2005.  (Docket Entry 13-6.)

Johnson filed a *pro se* application for post-conviction relief on July 20, 2006 ("PCR Action"). (Johnson v. State of South Carolina, 06-CP-38-859, App. at 46-51, Docket Entry 13-1 at 50-55.)

In his application, Johnson alleged the following grounds for relief:

1.    Ineffective Assistance of Counsel
2.    Involuntary guilty plea
3.    Malicious prosecution

---

[1] Anders v. California, 386 U.S. 738 (1967).  Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  Anders, 386 U.S. at 744.

(App. at 48, Docket Entry 13-1 at 52.) The State filed a return on May 25, 2007. (App. at 54-60, Docket Entry 13-1 at 58-64.) On November 7, 2007, the PCR court held an evidentiary hearing at which Johnson was present and testified and was represented by Charles T. Brooks, III, Esquire. (App. at 63-93, Docket Entry 13-1 at 67-97.) The PCR court denied Johnson's application for post-conviction relief by order filed December 7, 2007. (App. at 94-99, Docket Entry 13-1 at 98-103.) Specifically, the PCR court found that the allegation that Johnson's guilty plea was rendered involuntary as a result of ineffective assistance of counsel was without merit. (App. at 97, Docket Entry 13-1 at 101.)

Johnson filed an appeal in which he was represented by Robert M. Pachak, Esquire, Appellate Defender for the South Carolina Commission on Indigent Defense, Division of Appellate Defense. On March 26, 2008, Pachak filed a <u>Johnson</u>[2] petition for a writ of certiorari and a petition to be relieved as counsel in which he presented the following issue:

Whether petitioner's guilty plea was entered knowingly and intelligently?

(Docket Entry 13-8 at 3.) The State filed a letter return. (Docket Entry 13-9.) By order dated October 8, 2008, the South Carolina Supreme Court denied Johnson's petition for a writ of certiorari. (Docket Entry 13-10.) The remittitur was issued on October 24, 2008. (Docket Entry 13-11.)

## FEDERAL HABEAS ISSUE

In Johnson's federal petition for a writ of habeas corpus, he raises the following issue:

**Ground One:** Involuntary Guilty Plea
**Supporting Facts:** Counsel coerced Applicant into pleading guilty by telling him that the DNA test matched him positively, when in fact, unknown to the applicant at the time, the DNA test, in reference to the Applicant, was

---

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in <u>Anders v. California</u>, 386 U.S. 738 (1967) to post-conviction appeals).

inconclusive. Appellate counsel failed to raise this issue, which made Appellate counsel ineffective.

(See Pet., Docket Entry 1 at 5.)

## DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Habeas Corpus Standard of Review**

**1.      Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**2.      Exhaustion Requirement**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly

PJG

presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**C.      Motion for Summary Judgment**

**1.      Procedural Bar: Ineffective Assistance of Appellate Counsel**

As an initial matter, the respondents contend that a portion of Johnson's Petition for federal habeas relief is procedurally barred from consideration. In Ground One, Johnson alleges that his guilty plea was involuntary based on claims of ineffective assistance of plea counsel and ineffective assistance of appellate counsel. Johnson failed to present any claim pertaining to ineffective assistance of appellate counsel to the PCR court or the state appellate courts in his PCR appeal. Moreover, since this claim was not raised or ruled on by the PCR court, it was not preserved for appellate review in any event. Accordingly, this claim was not fairly presented to the South Carolina appellate courts and is barred from federal habeas review. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, this claim would be found to be

PJ6

procedurally defaulted (or barred) under independent and adequate state procedural rules if Johnson attempted to raise it now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722. Thus, any claim pertaining to ineffective assistance of appellate counsel is not properly exhausted and is procedurally barred unless Johnson can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman, 501 U.S. at 750.

Johnson appears to contend that a fundamental miscarriage of justice will occur because he is actually innocent. (Docket Entry 24 at 15.) However, to establish "actual innocence," a petitioner must produce new evidence that was not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999); see also Schlup v. Delo, 513 U.S. 298, 299, 327-28 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt"). Johnson's bald assertion that he is actually innocent, without more, does not satisfy this standard. Royal, 188 F.3d 239. Accordingly, Johnson has failed to demonstrate that a fundamental miscarriage of justice will occur by failing to consider this claim. Therefore, any claim in Ground One pertaining to ineffective assistance of appellate counsel is barred from federal habeas review.

2.      **Involuntary Guilty Plea**

In the remainder of Ground One, Johnson contends that his guilty plea was involuntary because plea counsel was ineffective. Specifically, Johnson alleges that plea counsel coerced him into pleading guilty by telling him that the DNA test matched him positively when the DNA test was inconclusive.

### a.    Ineffective Assistance of Counsel Generally

A defendant has a constitutional right to the effective assistance of counsel.  To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution.  With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

To prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a petitioner must show that "trial counsel's performance fell below an objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Burket v. Angelone, 208 F.3d 172,

189 (4th Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

### b. Discussion

The PCR court determined that this claim was without merit. During the PCR hearing, Johnson asserted that counsel failed to review the DNA test results with him. Johnson testified that counsel simply informed him that the DNA test was positive. (App. at 68, Docket Entry 13-1 at 72.) After his guilty plea, Johnson stated that he received the DNA report, reviewed it, and believes that the DNA report indicates a negative result. (App. at 69-70, Docket Entry 13-1 at 73-74.) Further, Johnson stated that the DNA results were the reason he pled guilty and that he would not have pled guilty if he had known it was not his DNA. (App. at 70, Docket Entry 13-1 at 74.) At the hearing, plea counsel indicated that he reviewed the DNA test results with Johnson. Specifically, counsel testified that he sent a letter and a copy of the DNA results to Johnson and in the letter counsel informed Johnson that he could not be excluded and that the likelihood that someone other than Johnson contributed to the DNA sample was one in 9.5 million. (App. at 83-84, Docket Entry 13-1 at 87-88.) Plea counsel also stated that he did not obtain an independent DNA test and saw no need to request one. (App. at 85-86, 89, Docket Entry 13-1 at 89-90, 93.) Based on the totality of the evidence against Johnson, counsel advised Johnson to plead guilty, but the decision to plead guilty was absolutely Johnson's decision. (App. at 86-89, Docket Entry 13-1 at 90-93.)

The PCR court found that Johnson's testimony regarding the deficiencies of plea counsel's representation and performance was not credible. (App. at 97, 98, Docket Entry 13-1 at 101, 102.) The PCR court also found that plea counsel's testimony was credible and afforded it great weight. (App. at 98, Docket Entry 13-1 at 102.) These credibility findings by the state court are entitled to deference. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to

PJG

overturn a state court's credibility judgments, the state court's error must be stark and clear."). Based on these findings, the PCR court determined that plea counsel reviewed the evidence with Johnson and adequately discussed the DNA test with him. (App. at 98, Docket Entry 13-1 at 102.) The PCR court concluded that "plea counsel was not deficient in any aspect of his representation and performed well within reasonable professional norms for a criminal defense attorney." (Id.) Further, the PCR court determined that "the transcript and plea counsel's testimony shows that [Johnson] understood the consequences of a guilty plea, his constitutional rights, and the possible sentences" and that Johnson failed to demonstrate that but for plea counsel's alleged deficient representation, Johnson would not have pled guilty. (Id.) Therefore, the PCR court concluded that Johnson's guilty plea was knowingly and voluntarily made. (Id.) (citing Boykin v. Alabama, 395 U.S. 238 (1969) (holding that a guilty plea is voluntarily and knowingly entered into if the record establishes that the defendant had a full understanding of the consequences of his plea and the charges against him). The PCR court therefore concluded that the plea was not involuntary as a result of ineffective assistance of counsel.

In opposition to summary judgment, Johnson simply restates his claim and contends that testimony should have been taken from a DNA expert as to whether the DNA evidence was conclusive. (Docket Entry 24 at 15.)

Upon thorough review of the parties' arguments and the record in this matter, the court finds that Johnson has not demonstrated that the PCR court unreasonably misapplied clearly established federal law in rejecting his claim or that the PCR court made objectively unreasonable factual findings. See Williams v. Taylor, 529 U.S. at 410; 28 U.S.C. § 2254(d)(2), (e)(1). He has failed to show that his plea counsel's representation fell below the standard of professional reasonableness

and that his advice constituted ineffective assistance of counsel. Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189. Therefore, Johnson is not entitled to federal habeas relief.

## RECOMMENDATION

Accordingly, the court recommends that the respondents' motion for summary judgment (Docket Entry 12) be granted and that Johnson's Petition be denied.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 14, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).