IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Adrian Johnson, #299403, | Civil Action No.: 0:08-cv-03928-RBH |
| Petitioner, | |
| v. | **ORDER** |
| Jon Ozmint, Director; and Warden, Perry Correctional Institution, | |
| Respondents. | |

The Petitioner, a *pro se* prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court upon the Petitioner's objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] In the R&R, the Magistrate Judge recommends that the Court grant the Respondents' Motion for Summary Judgment [Docket #12].

**Procedural History**

On December 3, 2008, the Petitioner petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. On March 9, 2009, the Respondents filed a Motion for Summary Judgment [Docket #12], a supporting memorandum, and additional attachments. The Magistrate Judge issued an Order filed March 10, 2009, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Subsequently, the Petitioner filed a response in opposition.

On January 14, 2010, the Magistrate Judge issued an R&R recommending that the Court grant the Respondents' Motion for Summary Judgment. Any objections to the R&R were due

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett, for pretrial handling.

no later than February 1, 2010.² However, on February 4, 2010, the Petitioner filed a Motion for Extension of Time [Docket #31], which the Court granted in an Order [Docket #32] extending the deadline for objections to February 16, 2010. The Petitioner still failed to file timely objections, as he did not file objections until February 17, 2010.³

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

---

² Any objections to the Magistrate Judge's R&R must be filed within fourteen (14) days of the date of service. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this period provides for an additional three days for filing by mail. *See* Fed. R. Civ. P. 6(d).

³ The envelope in which the Petitioner's objections were mailed was date-stamped by the Lee Correctional Institution mail room as being received on February 17, 2010 [Docket #36-2]. Under the "mailbox rule" of *Houston v. Lack,* 487 U.S. 266 (1988), a document is deemed filed by a prisoner when it is delivered to prison officials for mailing.

**Discussion**

The Petitioner appears to object to the Magistrate Judge's findings concerning his claim of involuntary guilty plea based on ineffective assistance of counsel. Since the Petitioner's objections were untimely, the Court reviews the R&R to "satisfy itself that there is no clear error on the face of the record." *Diamond,* 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). Finding no clear error in the Magistrate Judge's R&R, summary judgment is appropriate in the Respondents' favor.

Additionally, the Court has reviewed the Petitioner's objections on the merits. Having thoroughly reviewed the entire record, the Petitioner's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. The Petitioner has not shown that the state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Moreover, the Petitioner has failed to demonstrate that counsel's performance fell below an objective standard of reasonableness. *See Strickland v. Washington,* 466 U.S. 668, 688 (1984). As such, the Court agrees with the recommendations of the Magistrate Judge and finds that summary judgment is appropriate.

**Conclusion**

Based on the foregoing, it is

**ORDERED** that the Respondents' Motion for Summary Judgment [Docket #12] is **GRANTED. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

**IT IS SO ORDERED.**

                                                                  s/ R. Bryan Harwell
                                                                  R. Bryan Harwell
                                                                  United States District Judge

Florence, South Carolina
March 11, 2010